UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re

              Clyde Flowers,

                        Debtor.
---------------------------------------------------------X
In re

              Louis Marrero and
              Monica Marrero *aka* Monica Morales,

                        Debtors.
---------------------------------------------------------X
In re

              Pascale Felix,

                        Debtor.
---------------------------------------------------------X
In re

              Diana M. Valladares,

                        Debtor.
---------------------------------------------------------X

Chapter 7

Case No. 12-40298-CEC

Chapter 7

Case No. 12-40454-CEC

Chapter 7

Case No. 12-40457-CEC

Chapter 7

Case No. 12-40459-CEC

DECISION

APPEARANCES:

Greg M. Zipes, Esq.
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004

Alicia M. Leonhard, Esq.
Office of the United States Trustee
271 Cadman Plaza East, Suite 4529
Brooklyn, NY 11201

Howard Benjamin, Esq.
Law Offices of Howard Benjamin
437 Madison Avenue
New York, New York 10022
Counsel to Peter J. Mollo

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the motion of the United States Trustee (the "UST") to sanction Peter J. Mollo pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105. It is undisputed that Mr. Mollo filed these four bankruptcy cases on behalf of clients after he was suspended from the practice of law by the Supreme Court of the State of New York, Appellate Division, Second Judicial Department, and that, in three of those cases, Mr. Mollo forged the electronic signature of another attorney, Brian K. Payne, Esq., on the petition and other documents. The UST seeks the revocation of Mr. Mollo's password for the electronic case filing system ("ECF System"), disgorgement of the fees received by Mr. Mollo in the four cases, additional sanctions payable to the Court, and a suspended or conditional sanction in the event Mr. Mollo improperly commences a bankruptcy case in the future. The UST requests that Mr. Mollo, in addition, be responsible for compensating replacement counsel in the four cases. Mr. Mollo has consented to all of the relief sought by the UST, with the exception of additional sanctions payable to the Court and the conditional sanction. For the following reasons, the UST's motion is granted to the extent set forth herein.

## Jurisdiction

This Court has jurisdiction of this core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1986. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Bankruptcy Rule 7052.

## Background

The following facts are undisputed.

On January 9, 2012, the Appellate Division, Second Judicial Department, of the Supreme Court of the State of New York, issued a decision immediately suspending Mr. Mollo from the

practice of law pursuant to 22 NYCRR 691.4(*l*)(1)(ii)and (iii), pending further order of the court. (UST Ex. 2.)

On February 1, 2012, the United States District Court for the Eastern District of New York issued an order suspending Mr. Mollo from the practice of law in that district under further order of the court, effective 24 days after the date of service of that order.  The order was served on Mr. Mollo on February 2, 2012.

As of the date of this decision, Mr. Mollo remains suspended from the practice of law in the State of New York and in the United States District Court for the Eastern District of New York.

I.    Mr. Mollo's Filings after Suspension from the Practice of Law in New York State

A.    Clyde Flowers

On January 18, 2012, Mr. Mollo electronically filed a voluntary chapter 7 bankruptcy petition on behalf of Clyde Flowers (the "Flowers Case").  Mr. Mollo signed the petition as attorney for Mr. Flowers.  (Petition at 3, Case No. 12-40298, ECF No. 1.)

Also on January 18, 2012, Mr. Mollo filed statements pursuant to Bankruptcy Rule 2016(b) and E.D.N.Y. Local Bankruptcy Rule 2017-1.  In the E.D.N.Y. Local Bankruptcy Rule 2017-1 statement, Mr. Mollo affirmed that, on October 5, 2011, he spent 5.5 hours in connection with the initial client intake and the preparation of the petition.  (E.D.N.Y. LBR 2017-1 Stmt., Case No. 12-40298, ECF No. 1 at 47.)  The Bankruptcy Rule 2016(b) statement disclosed that he agreed to receive compensation of $594.00 for legal services in connection with that case, and that amount was paid in full.  (Bankruptcy Rule 2016 Stmt., Case No. 12-40298, ECF No. 1 at 41.)  However, the Statement of Financial Affairs stated that no payments were made "on or behalf of the debtor to any persons including attorneys for consultation concerning debt

consolidation relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case." (Stmt. of Fin. Affairs, Case No. 12-40298, ECF No. 1 at 29.)

B.    Louis Marrero and Monica Marrero

On January 26, 2012, a voluntary chapter 7 petition was filed on behalf of Louis and Monica Marrero, commencing Case No. 12-40454-CEC (the "Marrero Case"). The petition, schedules, and statements were filed electronically using Mr. Mollo's password to the ECF System. Mr. Mollo's electronic signature, as the debtors' attorney, appears on the E.D.N.Y. Local Bankruptcy Rule 1073-2(b) statement disclosing that that no related case is pending or was filed in the past. (E.D.N.Y. LBR 1073-2(b) Stmt., Case No. 12-40454, ECF No. 1-1.)

However, the petition bears the electronic signature of Brian Payne, as counsel to Mr. and Mrs. Marrero. (Petition, Case No. 12-40454, ECF No. 1 at 2, 3.) Mr. Payne's electronic signature, as the debtors' counsel, also appears on the document entitled "Designation of Agent," and the E.D.N.Y. Local Bankruptcy Rule 2017-1 statement, stating that he spent 5.5 hours on January 10, 2012 on the initial client intake and the preparation of the voluntary petition. (Designation of Agent, Case No. 12-40454, ECF No. 1 at 45; E.D.N.Y. LBR 2017-1 Stmt., Case No. 12-40454, ECF No. 1-2.) Additionally, the Bankruptcy Rule 2016(b) Statement contains Mr. Payne's electronic signature, and states that he agreed to accept $1,194 for compensation in connection with the case, and that the entire amount was paid. (Bankruptcy Rule 2016(b) Stmt., Case No. 12-40454, ECF. No. 1 at 46.) However, the Statement of Financial Affairs states that no payments were made "on or behalf of the debtor to any persons including attorneys for consultation concerning debt consolidation relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case."

(Stmt. of Fin. Affairs, Case No. 12-40454, ECF No. 1 at 34.)  The petition, Bankruptcy Rule 2016(b) statement, and the E.D.N.Y. 2017-1 statement state that Mr. Payne's address is 266 Smith Street, Brooklyn, NY 11231.  (Petition, Case No, 12-40454, ECF No. 1 at 3; Bankruptcy Rule 2016(b) Stmt., Case No. 12-40454, ECF. No. 1 at 46; E.D.N.Y. LBR 2017-1 Stmt., Case No. 12-40454, ECF No. 1-2.)

     C.    <u>Pascale Felix</u>

On January 26, 2012, a voluntary chapter 7 petition was electronically filed on behalf of Pascale Felix, commencing Case No. 12-40457-CEC (the "Felix Case").  The petition, schedules, and statements were filed electronically with Mr. Mollo's password to the ECF System.  Mr. Mollo's electronic signature, as the debtors' attorney, appears on the E.D.N.Y. Local Bankruptcy Rule 1073-2(b) statement disclosing that that no related case is pending or was filed in the past.  (E.D.N.Y. LBR 1073-2(b) Stmt., Case No. 12-40457, ECF No. 1-1.)  Mr. Mollo's electronic signature also appears on the E.D.N.Y. Local Bankruptcy Rule 2017-1 statement, stating that he spent 5.5 hours on January 3, 2012 on the initial client intake and the preparation of the voluntary petition.  (E.D.N.Y. LBR 2017-1 Stmt., Case No. 12-40457, ECF No. 1-2.)

However, the petition bears the electronic signature of Brian Payne as counsel to Ms. Felix.  (Petition, Case No. 12-40457, ECF No. 1 at 2, 3.)  Additionally, the Bankruptcy Rule 2016(b) Statement contains Mr. Payne's electronic signature, and states that he agreed to accept $994 for compensation in connection with the case, and that the entire amount was paid. (Bankruptcy Rule 2016(b) Stmt., Case No. 12-40457, ECF. No. 1 at 41.)  However, the Statement of Financial Affairs states that no payments were made "on or behalf of the debtor to any persons including attorneys for consultation concerning debt consolidation relief under the

bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case." (Stmt. of Fin. Affairs, Case No. 12-40457, ECF No. 1 at 29.) The petition and the Bankruptcy Rule 2016(b) statement state that Mr. Payne's address is 266 Smith Street, Brooklyn, NY 11231. (Petition, Case No, 12-40457, ECF No. 1 at 3; Bankruptcy Rule 2016(b) Stmt., Case No. 12-40457, ECF. No. 1 at 41.)

      D.      Diana M. Valladares

On January 26, 2012, a voluntary chapter 7 petition was electronically filed on behalf of Diana M. Valladares, commencing Case No. 12-40459-CEC (the "Valladares Case," and together with the Marrero Case and the Felix Case, the "Three Cases"). The petition, schedules, and statements were filed electronically with Mr. Mollo's password to the ECF System. Mr. Mollo's electronic signature, as the debtors' attorney, appears on the E.D.N.Y. Local Bankruptcy Rule 1073-2(b) statement disclosing that that no related case is pending or was filed in the past. (E.D.N.Y. LBR 1073-2(b) Stmt., Case No. 12-40459, ECF No. 1-1.)

However, as in the Marrero Case and the Felix Case, the petition in this case bears the electronic signature of Brian Payne, as counsel to Diana M. Valladares. (Petition, Case No. 12-40459, ECF No. 1 at 2, 3.) Mr. Payne's electronic signature, as debtor's counsel, also appears on the document entitled "Designation of Agent," and on the E.D.N.Y. Local Bankruptcy Rule 2017-1 statement, stating that he spent 5.5 hours on December 26, 2011 on the initial client intake and the preparation of the voluntary petition. (Designation of Agent, Case No. 12-40459, ECF No. 1 at 42; E.D.N.Y. LBR 2017-1 Stmt., Case No. 12-40459, ECF No. 1-2.) Additionally, the Bankruptcy Rule 2016(b) Statement bears Mr. Payne's electronic signature, and states that he agreed to accept $894 for compensation in connection with the case, and that the entire amount was paid. (Bankruptcy Rule 2016(b) Stmt., Case No. 12-40459, ECF. No. 1 at 43.) However,

the Statement of Financial Affairs states that no payments were made "on or behalf of the debtor

to any persons including attorneys for consultation concerning debt consolidation relief under the

bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding

the commencement of this case." (Stmt. of Fin. Affairs, Case No. 12-40459, ECF No. 1 at 31.)

The petition, the Bankruptcy Rule 2016(b) statement, and the E.D.N.Y. Local Bankruptcy Rule

2017-1 statement reflect that Mr. Payne's address is 266 Smith Street, Brooklyn, NY 11231.

(Petition, Case No, 12-40459, ECF No. 1 at 3; Bankruptcy Rule 2016(b) Stmt., Case No. 12-

40459, ECF. No. 1 at 41; E.D.N.Y. LBR 2017-1 Stmt., Case No. 12-40459, ECF No. 1-2.)

II.    Mr. Payne's Letter

By letter dated January 28, 2012, addressed to the Chief Judge of this Court, with a copy

to, among others, the UST, Mr. Payne alleged that the Marrero Case and the Felix Case were

"fraudulently filed in [his] name by suspended attorney Peter J. Mollo," and "were filed without

[his] knowledge, consent, authority or signature." (Zipes Decl., Ex. G, Case No. 12-40298, ECF

No. 9-2; Case No. 12-40454, ECF No. 11-2; Case No. 12-40457, ECF No. 8-2; Case No. 12-

40459, ECF No. 8-2.)[1] Annexed to the letter was a second letter, also dated January 28, 2012,

sent by Mr. Payne to Diana Maxfield Kearse, Chief Counsel of the New York State Attorney

Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.

In that letter, Mr. Payne alleged that, on January 23 and January 26, 2012, Mr. Mollo

contacted him about referring bankruptcy cases to him. Mr. Payne stated that he told Mr. Mollo

that he would consider taking over some of Mr. Mollo's cases, but that no final agreement was

reached. Mr. Payne further stated that, on January 27, 2012, Mr. Mollo sent him a text message

requesting his password to the ECF System, but that Mr. Payne refused to provide it because it is

confidential. Mr. Mollo then allegedly informed Mr. Payne that he already filed three

---

[1] The parties stipulated to the admission of Mr. Payne's letters as evidence. (Tr. at 64.)

bankruptcy petitions listing Mr. Payne as the debtors' attorney. Mr. Payne stated that he told Mr. Mollo that those filings were unauthorized, and that he would report the matter. In response, Mr. Mollo allegedly stated that he would "fix everything" and "withdraw the petitions." (Zipes Decl., Ex. G, Case No. 12-40298, ECF No. 9-2; Case No. 12-40454, ECF No. 11-2; Case No. 12-40457, ECF No. 8-2; Case No. 12-40459, ECF No. 8-2.)

In the letter, Mr. Payne stated that he only knew of the Marrero Case and the Felix Case, but was concerned because Mr. Mollo stated that three cases were filed listing him as the debtors' counsel. Mr. Payne was also concerned that Mr. Mollo "may attempt to withdraw the filings by falsely representing to the court that he is [Mr. Payne]." (Zipes Decl., Ex. G, Case No. 12-40298, ECF No. 9-2; Case No. 12-40454, ECF No. 11-2; Case No. 12-40457, ECF No. 8-2; Case No. 12-40459, ECF No. 8-2.)

III.    UST's Motion

On January 31, 2012, the UST filed an application for an Order to Show Cause seeking sanctions against Mr. Mollo. The UST asserts that Mr. Mollo has "engaged in egregious conduct that affects the integrity of the bankruptcy system" by filing these four cases after he was suspended from practicing law in New York state. (UST Mem. of Law in Supp. at 2, Case No. 12-40298, ECF No. 9; Case No. 12-40454, ECF No. 11; Case No. 12-40457, ECF No. 8; Case No. 12-40459, ECF No. 8.) The UST also argues that, by forging Mr. Payne's electronic signature, Mr. Mollo violated Bankruptcy Rule 9011, E.D.N.Y. Local Bankruptcy Rule 9011-1, and this Court's General Order No. 559 governing electronic case filing procedures. For these reasons, the UST argued that Mr. Mollo should be sanctioned pursuant to Bankruptcy Rule 9011, or alternatively, pursuant to 11 U.S.C. § 105.

On February 1, 2012, the Court issued the Order to Show Cause scheduling an evidentiary hearing on the UST's motion for February 7, 2012. The Order to Show Cause directed Mr. Mollo to produce at the hearing a list of all his pending cases in the Court, with the last known address and telephone number of his clients, as well as the originals of all pleadings filed in these four cases.

On February 6, 2012, Mr. Mollo filed an affidavit in response to the UST's motion, stating that he first became aware of his suspension from the practice of law in New York on January 18, 2012. He further stated that he understood that he "could not any longer file bankruptcy petitions under [his] name," and didn't realize that using his password to the ECF System would reflect his name on the filings "regardless of the attorney designated as the representative of the client." (Mollo Aff. ¶3, Case No. 12-40298, ECF No. 13; Case No. 12-40454, ECF No. 16; Case No. 12-40457, ECF No. 12; Case No. 12-40459, ECF No. 14.) Mr. Mollo claimed that he mistakenly believed that Mr. Payne agreed to represent debtors in the Three Cases, and therefore typed Mr. Payne's name into the petitions as their attorney.

Mr. Mollo stated in his affidavit that he has arranged for Dennis O'Sullivan, Esq. to represent the debtors in all four of these cases,[2] and will refund whatever fees the debtors pay to Mr. O'Sullivan. He also requested the cancellation of his password to the ECF System. Additionally, Mr. Mollo stated that he tendered his resignation from the practice of law. Mr. Mollo requested that additional sanctions not be imposed because he is "suffering a great deal psychologically, emotionally and financially," and because the closing of his law practice "is sufficient punishment for a bankruptcy attorney who has performed well over the last twenty years." (Mollo Aff. ¶¶ 10, 11, Case No. 12-40298, ECF No. 13; Case No. 12-40454, ECF No. 16; Case No. 12-40457, ECF No. 12; Case No. 12-40459, ECF No. 14.) By letter dated March

---

[2] Mr. O'Sullivan has since appeared on behalf of those debtors.

12, 2012, Mr. Mollo informed the Court that he submitted a letter to the Appellate Division, Second Judicial Department, seeking to withdraw his resignation from the practice of law.

IV.    Testimony and Evidence Presented at the Evidentiary Hearing

    A.    Mr. Mollo

At the evidentiary hearing, Mr. Mollo admitted that he "made terrible egregious, unbelievable errors." (Tr.[3] at 24.)  He testified that, after he learned of his suspension, he understood that he was not permitted to file petitions or appear on behalf of clients in bankruptcy court. (Tr. at 34-35.)  Indeed, after the Flowers Case was commenced, Mr. Mollo sent a letter dated January 24, 2012 to the UST stating: "I understand that my employees or myself will not file petition[s] or appear in Bankruptcy Court until this matter [i.e. the suspension] is resolved." (UST Ex. 5.)

However, notwithstanding this acknowledgement, Mr. Mollo testified that he "erroneously" filed the Marrero Case and typed Mr. Payne's signature into the petition, E.D.N.Y. Local Rule 2017-1 statement, the Bankruptcy Rule 2016(b) statement, and the document entitled Designation of Agent. (Tr. at 34-36, 39-41.)  Mr. Mollo testified that he now remembers that that Mr. Payne did not agree to represent Mr. and Mrs. Marrero, and the conversation with Mr. Payne "only went as far as [Mr. Payne's] compensation for three appearances or two appearances or one appearance." (Tr. at 38.)  He further testified that he typed his own address, 266 Smith St., Brooklyn, NY, as Mr. Payne's address in the petition because he was hoping to rent his office space to Mr. Payne. (Tr. at 38.)  Mr. Mollo further testified that "Mr. Payne's [signature] was never actually signed; it was just typed in." (Tr. at 39.)

Mr. Mollo further testified that, while Mr. Payne's electronic signature appears on the petitions in the Felix Case and the Valladares Case, Mr. Payne also was not involved with those

---

[3] "Tr. refers to the transcript of the evidentiary hearing held on February 7, 2012.

cases.  (Tr. at 42, 45-46.)  Mr. Mollo testified that Mr. Payne never authorized the placement of his signature before the cases were filed or after they were filed.  (Tr. at 46.)

Mr. Mollo testified that, although the Bankruptcy Rule 2016(b) statements stated that certain payments were made by the debtors, he was not sure of the actual amounts received by his office from the debtors in the Three Cases (Tr. at 41, 45, 49.)

In an effort to establish mitigating factors, Mr. Mollo explained that, after he learned of his suspension, he tried to wind down his practice by (a) meeting with his clients to explain their options; (b) removing his law office sign; (c) attempting to rent out his office space to other attorneys; and (d) contacting other attorneys, such as Mr. Payne and Mr. O'Sullivan, about taking over his cases.  (Tr. 59-60.)  He further testified that, other than these four cases, he did not file any petitions, complaints, pleadings, or summonses, and did not use any other attorney's name, in any New York state or federal court.  (Tr. 61.)  While Mr. Mollo testified that he sought assistance for a drinking problem in 2005 and 2006, is currently in therapy, and takes medication for various physical and psychological ailments, he stated that he is not "blaming his medications" for his actions.  (Tr. 24, 56-58.)

B.    Mr. Payne's Testimony

Consistent with the statements in his letters, Mr. Payne testified that he never agreed to represent the debtors in the Three Cases, and that his signature was placed on the petitions and other documents without his knowledge or authorization.  (Tr. at 63-65.)  He further testified that he never had an office address at 266 Smith Street, Brooklyn, NY.  (Tr. at 64.)  Mr. Payne also testified that his electronic signature is "Brian K. Payne," and not "Brian Payne," as it appears on the documents filed by Mr. Mollo in the Three Cases.  (Tr. at 64.)

## DISCUSSION

The UST seeks sanctions against Mr. Mollo pursuant to Bankruptcy Rule 9011, which

provides, in pertinent part:

> (b) Representations to the court
>
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> >
> > (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
>
> (c) Sanctions
>
> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys . . . that have violated subdivision (b) or are responsible for the violation. . . .

> (2) Nature of sanction; limitations
>
> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. . . . [T]he sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Fed R. Bankr. P. 9011(b), (c)

Bankruptcy Rule 9011 "places 'an affirmative duty on attorneys and litigants to make a reasonable investigation (under the circumstances) of the facts and the law before signing and submitting any petition, pleading, motion or other paper.'" In re Obasi, Case No. 10-10494(SHL), 2011 WL 6336153, at *4 (Bankr. S.D.N.Y. Dec. 19, 2011) (quoting 10 Collier on Bankruptcy ¶ 9011.04[2][a] at 9011–7). The rule "embodies the policy of promoting responsible behavior on the part of [attorneys] and requires them to conduct [themselves] in a manner bespeaking reasonable professionalism and consistent with the orderly functioning of the judicial system." Koufos v. U.S. Bank, NA. (In re Koufos), Case No. 10-23579-JNF, Adv. Pro. No. 11-1185, 2011 WL 5026394, at *6 (Bankr. D. Mass. Oct. 21, 2011) (alteration in original) (internal quotations omitted).

An attorney violates Bankruptcy Rule 9011(b) by filing a forged document, or by electronically filing a document bearing an electronic signature that was not actually or validly signed. E.g. In re Phillips, 317 B.R. 518, 523-524 (B.A.P. 8th Cir. 2004) (counsel forged debtor's signature on electronically filed petition); In re Pagaduan, 429 B.R. 752, 759-760, 767 (Bankr. D. Nev. 2010) (counsel committed forgery by impersonating the debtors to complete an online credit counseling class, and then filed the certificates "attempting to pass them off as

evidence that the [d]ebtors took the credit counseling class"), <u>aff'd in part, vacated in part on other grounds</u>, 447 B.R. 614 (D. Nev. 2011); <u>In re Josephson</u>, Case. No. 04-60004-13, 2008 WL 113861, at *5-6 (Bankr. D. Mont. Jan. 9, 2008) (counsel forged debtors' electronic signatures on addendum to chapter 13 plan); <u>In re Alvarado</u>, 363 B.R. 484, 492 (Bankr. E.D. Va. 2007) (attorney forged the debtor's electronic signature on a bankruptcy petition); <u>In re Ulmer</u>, 363 B.R. 777, 783 (Bankr. D.S.C. 2007) (counsel filed documents bearing her electronic signature even though she did not actually review or physically sign the documents); <u>In re Rivera</u>, 342 B.R. 435, 460 (Bankr. D.N.J. 2006) (counsel filed papers that were not validly signed); <u>In re Wenk</u>, 296 B.R. 719, 728 (Bankr. E.D. Va. 2002) (counsel forged debtor's electronic signature on petition).  A party who has violated Bankruptcy Rule 9011(b) may be sanctioned pursuant to Bankruptcy Rule 9011(c).  Fed. R. Bank. P. 9011(c).  "The 'pure-heart-and-empty-head' defense is not available to anyone faced with Rule 9011 sanctions."  <u>Rivera</u>, 342 B.R. at 460.

Mr. Mollo violated Bankruptcy Rule 9011(b) by filing the petitions and related documents in the Three Cases bearing Mr. Payne's electronic signature.  It is undisputed that, at the time he filed the Three Cases, Mr. Mollo knew that Mr. Payne did not actually sign those documents, and that he did not have Mr. Payne's authorization to electronically sign Mr. Payne's name.  These violations warrant the imposition of sanctions under Bankruptcy Rule 9011(c).[4]

Addtionally, Mr. Mollo violated E.D.N.Y. Local Bankruptcy Rule 9011-1 and this Court's General Order 559 adopting the Revised Administrative Procedures for Electronically Filed Cases.

---

[4] Given this conclusion, there is no need to address the UST's alternative argument that sanctions should be imposed pursuant to 11 U.S.C. § 105.

E.D.N.Y. Local Bankruptcy Rule 9011-1(b) provides:

> Whenever any applicable statute, rule, or order requires a document to be signed and the document is electronically filed, the document shall contain an electronic signature or a scanned copy of the original signature. . . . The original executed document and any original exhibits, shall be maintained by the filer for two years after the entry of a final order closing the case or proceeding. On request of the Court, the filer shall provide an original document for review.

E.D.N.Y. LBR 9011-1(b).  Similarly, this Court's Revised Electronic Filing Procedures, adopted by General Order No. 559, provide:

> Petitions, lists, schedules, statements, amendments, pleadings, affidavits, stipulations and other documents which must contain original signatures, documents requiring verification under FRBP 1008, and unsworn declarations under 28 U.S.C. § 1746, shall be filed electronically and bear "electronic signatures" . . . . The hard copy of the originally executed document, and/or original exhibits, shall be maintained by the filer for two years after the entry of a final order terminating the case or proceeding to which the document relates. On request of the court, the filer must provide original documents for review.

Revised Electronic Filing Procedures, II(C)(2).

By filing the petitions, statements, and documents bearing Mr. Payne's electronic signature in the Three Cases, for which no originals exist, Mr. Mollo violated the requirements of E.D.N.Y. LBR 9011-1(b) and the Revised Electronic Filing Procedures to maintain the originally executed documents.  Nor did he comply with this Court's Order to Show Cause, which required him to produce at the evidentiary hearing originals of all pleadings filed in these cases.  (Order to Show Cause, Case No. 12-40454, ECF No. 12; Case No. 12-40457, ECF No. 9; Case No. 12-40459, ECF No. 9.)

Mr. Mollo agrees to reimburse the debtors in these four cases for the fees paid to him, and to be responsible for any additional amount charged by Mr. O'Sullivan for legal services

rendered in connection with those cases. (Tr. 70-71.) Because the record is unclear regarding the actual amounts paid to Mr. Mollo by the debtors in these cases, and in light of the questionable credibility of the Bankruptcy Rule 2016(b) statements filed in those cases (especially the ones bearing Mr. Payne's signature), Mr. Mollo shall file supplemental statements in each of these four cases, certified under penalty of perjury, setting forth the amounts received from, or on behalf of, the debtors for legal services rendered in connection with the cases. Mr. Mollo shall reimburse the debtors the greater of the amounts set forth in the supplemental statements or the Bankruptcy Rule 2016(b) statements, as well as any additional amounts charged by Mr. O'Sullivan for his representation of the debtors in these four cases.

Mr. Mollo also consented to the termination of his password which provides access to the ECF System. (Mollo Aff. ¶ 8, Case No. 12-40298, ECF No. 13; Case No. 12-40454, ECF No. 16; Case No. 12-40457, ECF No. 12; Case No. 12-40459, ECF No. 14.) Additionally, Mr. Mollo has agreed to report this decision to the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. (Tr. at 72.) Although Mr. Mollo tendered his resignation from the practice of law, (Tr. at 9; Resp. Ex. 1.), he has since submitted a letter seeking to withdraw his resignation. Mr. Mollo requests that no additional sanctions be imposed.

However, additional sanctions are warranted given the egregious nature of Mr. Mollo's violations and the similarity of these violations to those for which he was suspended from the practice of law by the Appellate Division, Second Judicial Department, of the Supreme Court of the State of New York. The Supreme Court of the State of New York suspended Mr. Mollo's license to practice law for, among other misconduct, unilaterally modifying a disbursement sheet after it was signed to include language providing for the payment of a fee to Mr. Mollo and endorsing a "two party check" without the permission of the other party. (See UST Ex. 2.)

Here, Mr. Mollo forged Mr. Payne's electronic signature, which not only compromises the integrity of the court system and the electronic filing process, but also shows that Mr. Mollo has continued to engage in the type of misconduct that resulted in his suspension.

Moreover, Mr. Mollo blatantly lied to the UST when challenged concerning his filing of the Flowers Case following his suspension; less than 48 hours after assuring the UST's office that "I understand that my employees or myself will not file [a] petition or appear in Bankruptcy Court until this matter is resolved," he proceeded to file the Three Cases with Payne's forged signature.  Therefore, to deter future misconduct, it is appropriate to impose an additional sanction of $3,000 ($1,000 for each petition filed with a forged signature) to be paid to the Clerk of the Court.

Relying on Ulmer, the UST also requested that a "suspended sanction," or "conditional sanction," to be imposed in the event of a future violation.  (Tr. 69-70, 75.)  In Ulmer, the court found that a law firm violated Bankruptcy Rule 9011 by filing "improper affidavits and pleadings that have not been properly reviewed and signed," in 67 cases, and imposed a sanction of $500 per case, or a total sanction of $33,500.  Ulmer, 363 B.R. at 785.  However, based upon mitigating factors, including the firm's acknowledgement of its errors and proof that it reformed its practices, the court suspended $20,000 of the sanction, which would only become payable upon a future finding of a Bankruptcy Rule 9011 violation.  Id. at 785-786.

It is unclear whether the UST is requesting an additional sanction to be imposed in these cases based upon the violations outlined above, but only subject to payment in the event of a future Bankruptcy Rule 9011 violation, or if the UST is seeking a preset sanction to be imposed in other cases in the event Mr. Mollo commits future violations in this district.  In either case, the UST's request for a suspended sanction is denied.  It is incumbent upon Mr. Mollo to timely

comply with the sanctions ordered hereby.  Future violations, in the event that any occur, may be addressed at that time by a court of competent jurisdiction.

<u>CONCLUSION</u>

For the following reasons, the UST's motion to sanction Mr. Mollo pursuant to Bankruptcy Rule 9011 is granted to the extent set forth herein.  A separate order will issue.



**Dated: Brooklyn, New York**
        **March 22, 2012**

                    **Carla E. Craig**
          **United States Bankruptcy Judge**